[600 NYS2d 548]

In the Matter of JULIAN C. JOHNSON, an Attorney, Respondent.
GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT,
Petitioner

Fourth Department, July 16, 1993

## APPEARANCES OF COUNSEL

*Gerard M. LaRusso,* Buffalo *(Vincent L. Scarsella* of counsel), for petitioner.

*Thomas Pares,* Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by order of this Court on February 7, 1986. Following a brief period of employment as an Assistant District Attorney of Erie County, respondent engaged in private practice, primarily in the criminal defense field. In late 1988, respondent became addicted to cocaine, resulting in several confinements in rehabilitation facilities. Respondent has been drug-free since his release from treatment in early 1992 and, since April 1992, has been assisted by, and cooperative with, the Erie County Bar Association's Lawyers Helping Lawyers Committee.

During the period of respondent's dependency, he failed to keep proper financial records, commingled funds, and lapsed into financial difficulties that resulted in his inability to return clients' monies that had been entrusted to him. Further, respondent has failed to pay his registration fees since 1986. On July 16, 1991, respondent pleaded guilty to a charge of issuing a bad check in violation of Penal Law § 190.05 (1), a class B misdemeanor. An order of temporary suspension was thereafter entered by this Court on February 20, 1992. Multiple charges were thereafter brought against respondent by the Grievance Committee. By amended answer, respondent admitted the charges.

At a mitigation hearing respondent pointed out that he was no longer dependent upon cocaine or other drugs. Repayment of the misappropriated monies was not mentioned. The record establishes that respondent has violated the following rules:

1. Disciplinary Rules of the Code of Professional Responsibility (eff Jan. 1, 1970, as amended through April 29, 1978):

(A) DR 1-102 (A) (4)—by engaging in conduct involving dishonesty and fraud.

(B) DR 1-102 (A) (6)—by engaging in conduct that adversely reflects on his fitness to practice law.

(C) DR 9-102 (A)—by failing to properly preserve and identify client funds.

(D) DR 9-102 (B) (3)—by failing to maintain complete records of all funds of clients coming into his possession and rendering appropriate accounts to clients regarding them.

2. Disciplinary Rules of the Code of Professional Responsibility (eff Sept. 1, 1990):

(E) DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7])—by engaging

in conduct that adversely reflects on his fitness to practice law.

3. Rules relating to attorneys of the Supreme Court, Appellate Division, Fourth Judicial Department (22 NYCRR):

(F) Section 1022.5 (b) (1)—by failing to maintain records of all deposits in and withdrawals from his clients' trust account.

(G) Section 1022.5 (b) (2)—by failing to maintain individual ledger sheets or similar records reconciled with his clients' account that illustrated the existing balance of client funds in his possession and disbursed with reference to the individual clients.

4. Judiciary Law of the State of New York and Rules of the Chief Administrator of the Court:

(H) Section 468-a of the Judiciary Law and section 118.1 of the Rules of the Chief Administrator of the Courts (22 NYCRR)—by failing to reregister as an attorney and failing to pay his biennial registration fee.

In assessing punishment, we have considered respondent's very brief tenure as a member of the legal profession before becoming addicted to cocaine, his willingness to seek professional help, his present freedom from drug use, and his continued cooperation with the Lawyers Helping Lawyers Committee of the Erie County Bar Association. In light thereof, we conclude that a two-year suspension should be imposed from the date of entry of the order of temporary suspension, with leave to reapply upon a showing that respondent has remained drug-free, that he has repaid the amounts misappropriated, that he has paid all registration fees then owing, and that he has expressed his willingness to continue to work with the appropriate committees of the State and County Bar Associations.

PINE, J. P., BALIO, LAWTON, BOOMER and DAVIS, JJ., concur.

Order of suspension entered.