[654 NYS2d 501]

In the Matter of KAREN M. MADSEN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 14, 1997

### APPEARANCES OF COUNSEL

*Gerard M. LaRusso,* Rochester *(Daniel A. Drake* of counsel), for petitioner.

*Edward J. Denan,* Canisteo, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court

on January 10, 1991 and maintains an office in Hornell. The Grievance Committee filed a petition containing three charges of misconduct. Respondent filed an answer admitting the material allegations of the petition and setting forth matters in mitigation.

Respondent admits that she commingled and converted client funds and that she submitted altered financial records to the Grievance Committee during the course of its investigation. Therefore, we conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;

DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on her fitness to practice law;

DR 7-101 (A) (3) (22 NYCRR 1200.32 [a] [3])—prejudicing or damaging a client during the course of the professional relationship;

DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from her business or personal accounts;

DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4])—failing to pay promptly the funds in the possession of the lawyer that the client is entitled to receive;

DR 9-102 (D) (22 NYCRR 1200.46 [d])—failing to maintain required bookkeeping records relating to client funds; and

DR 9-102 (H) (22 NYCRR 1200.46 [h])—failing to produce bookkeeping records relating to client funds in response to a notice or subpoena duces tecum issued by the appropriate Grievance or Departmental Disciplinary Committee.

In migitation, we note that no client has suffered a financial loss and that respondent has acknowledged drug and alcohol abuse. Accordingly, we conclude that respondent should be suspended for two years and until further order of the Court, with leave to reapply for admission following the conclusion of the period of suspension upon a showing that respondent is free from drug and alcohol abuse (*see, Matter of Johnson*, 192 AD2d 7).

DENMAN, P. J., GREEN, LAWTON, CALLAHAN and DOERR, JJ., concur.

Order of suspension entered.